IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY MOORE, #1771243, § | | |
|     *Plaintiff*, § | | |
| § | Civil Action No. 4:14cv825 | |
| v. § | | |
| § | | |
| WILLIAM CHARLES, et al., § | | |
|     *Defendants*. § | | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Jimmy Moore filed a civil rights complaint pursuant to 42 U.S.C. §1983. He claims Defendants violated his constitutional rights while he was incarcerated at the Choice Moore Unit in Bonham, Texas. Plaintiff brings suit against Defendants in their individual capacities and seeks punitive damages in the amount of $15,000. This Memorandum Opinion and Order concerns Defendants McDonald and Thompkins' Rule 12(b)(6) motion to dismiss.

## BACKGROUND

Plaintiff asserts Officer William Charles violated his Eighth Amendment rights by using "unnecessary and excessive force." Plaintiff alleges Officer Charles grabbed him, hit him with a closed fist on the head, and repeatedly sprayed him with a chemical agent. Plaintiff further claims Officer Charles wrote a false offense report stating that Plaintiff assaulted him. Plaintiff alleges that Officer Charles engaged in a conspiracy with the other named Defendants to cover up his purported assault against Plaintiff.

Plaintiff claims that Defendant Warden Rodger McDonald violated his Eighth Amendment rights "by engaging in a conspiracy . . . to cover up" the purported assault by

1

Officer Charles. Plaintiff asserts that Warden McDonald interviewed him and then "agreed with the other defendants to charge [him] with a false disciplinary . . . and that Warden McDonald was the signature authority to the response of grievance 2013075366."

Plaintiff next asserts that Defendant Captain Denny Thompkins violated his constitutional rights because "he engaged in [a] civil conspiracy by staff to cover up assault on me by [Officer] Charles." Plaintiff claims that Captain Thompkins "made the final decision that classified the disciplinary report as a major offense." Finally, Plaintiff complains that Captain Thompkins conspired with the other Defendants to punish him with the purportedly false disciplinary in retaliation for a formal complaint that Plaintiff claims to have filed against Captain Thompkins on October 25, 2012.

## STANDARD - RULE 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading

offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint suffice if it provides naked assertions that are devoid of further factual enhancement. *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Court in *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

If the facts alleged in a complaint "do not permit the court to infer more than the mere possibility of misconduct," a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). A factual allegation "merely creating a suspicion" that a plaintiff might have a right of action is insufficient. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. If the facts alleged in a complaint fail to permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 44 F.3d at 421.

In *Twombly*, the Supreme Court noted that "the tenet that a court must accept as true all

3

of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**PERSONAL INVOLVEMENT**

To hold a defendant liable under a § 1983 claim, a plaintiff must show the defendant was personally involved in the alleged constitutional violation. Personal involvement is an essential element. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff must establish a causal connection between the alleged constitutional deprivation and the defendant whom he would hold responsible. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Here, Plaintiff does not allege that Warden McDonald or Captain Thompkins were present during the alleged use of force incident with Officer Charles or that they otherwise caused the incident. Thus, the claims must be dismissed against Warden McDonald and Captain Thompkins for any allegation that they are responsible for the alleged use of force incident with Officer Charles.

**GRIEVANCE**

Plaintiff claims that Warden McDonald violated his constitutional rights based on his response to Plaintiff's grievance. As Plaintiff has no constitutional entitlement to an adequate grievance procedure, this claim should be dismissed for failure to state a claim. *See, e.g., Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005). Congress requires inmates to exhaust their "administrative remedies as are available . . ." 42 U.S.C. § 1997e(a). A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has not established grievance procedures or fails to adhere to its procedures. 42 U.S.C. § 1997e(b). The Fifth Circuit has made it clear that inmates do not have a basis for a

meritorious civil rights lawsuit just because they are unhappy with grievance procedures:

> Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Geiger*, 404 F.3d at 374. Congress established the exhaustion requirement to give prisons and jails the first opportunity to address complaints by inmates, but inmates do not have a basis for a lawsuit because they are dissatisfied with the results of the grievance procedures. As a result, Plaintiff's claim against Warden McDonald for responding to his grievance must be dismissed as frivolous because it has no arguable basis in law.

**RETALIATION**

Plaintiff asserts that Captain Thompkins retaliated against him because Plaintiff filed a grievance three (3) months before the alleged use of force incident. Prison officials may not retaliate against an inmate because that inmate exercised his right of access to the courts or complained to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). The prospect of endless claims of retaliation on the part of inmates, however, would disrupt prison officials in the discharge of their most basic duties. *Id.* at 1166. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions. *Id.* (citing *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995)). To ensure prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. *Id.*

To prevail on a claim of retaliation, an inmate must establish: (1) a specific constitutional

right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), *cert. denied*, 522 U.S. 995 (1997). Mere conclusory allegations of retaliation are insufficient to support a claim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson*, 110 F.3d at 310. "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166.

The Fifth Circuit considered whether an allegation of *de minimis* retaliatory acts can support a retaliation claim in *Morris v. Powell*, 449 F.3d 682, 685-86 (5th Cir. 2006). The court explained that the purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Id*. Some acts, though perhaps motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Id*. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*. Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Id*.

In the instant case, Plaintiff fails to allege that Captain Thompkins had the requisite intent to retaliate through his participation in Plaintiff's disciplinary case. Further, Plaintiff fails to allege that a retaliatory act even occurred. Instead, Plaintiff alleges that Officer Charles – not

Captain Thompkins – filed the disciplinary case against Plaintiff for assault on an officer. Plaintiff only alleges that Captain Thompkins "made the final decision that classified the disciplinary report as a major offense." According to TDCJ's Disciplinary Rules and Procedures for Offenders, assault on an officer is classified in the most serious category of offenses, a Level 1 Offense. Thus, Captain Thompkins cannot have acted with intent to retaliate or commit a retaliatory act against Plaintiff by merely performing his duties as a TDCJ employee and applying TDCJ policy in a disciplinary case filed by another officer.

Even if Plaintiff had shown a retaliatory intent and act, his claim would still fail because Captain Thompkins's application of the TDCJ's Disciplinary Rules and Procedures for Offenders in classifying the level of seriousness for the offense would be a *de minimis* retaliatory act that would not deter a person of ordinary firmness from exercising their rights. Plaintiff also failed to show a causal nexus that, but for Captain Thompkins's purported retaliatory motive, the classification of his assault on Officer Charles would have been classified as a lesser offense by another officer. The offense level is classified by TDCJ policy. The retaliation claim against Captain Thompkins must be dismissed.

**DISCIPLINARY CASE**

Plaintiff's claims against Warden McDonald and Captain Thompkins derived from their involvement in his prison disciplinary case fail because Plaintiff does not allege a constitutionally-protected liberty interest sufficient to trigger due process protections or any violation of those rights. Moreover, Plaintiff fails to allege sufficient facts to show that § 1983 relief is available because his prison disciplinary sentence has been overturned.

The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983

for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486. The holding in *Heck* was extended to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Fifth Circuit subsequently reiterated that an inmate may not bring a civil rights lawsuit about a prison disciplinary case unless he first shows that "his disciplinary conviction has been invalidated by official action." *Lee v. Wade*, 593 F. App'x 410, 410 (5th Cir. 2015).

Plaintiff alleges that Officer Charles filed a false disciplinary report against him. Plaintiff's claims that the allegations against him are false implies that a disciplinary sentence arising from that report would be unlawful. However, Plaintiff does not assert that any disciplinary sentence from the allegedly false report has been overturned. Accordingly, his claims against Warden McDonald and Captain Thompkins arising from the allegedly false disciplinary report must be dismissed.

**CONSPIRACY**

Plaintiff next claims that TDCJ employees Duana Rohde, Warden McDonald, Juan Marrero, Captain Thompkins, Assistant Warden Mary B. Karl, and Regional Director Linda Richey conspired to cover up the purported assault by Officer Charles in the disciplinary case

against him. To prove a conspiracy, a plaintiff must prove an actual deprivation of a constitutional right. *Salvin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). *See also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1990). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 42 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (*en banc*). Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). In the instant case, Plaintiff provides nothing to substantiate his claim of conspiracy other than his bare assertion that one existed. Accordingly, he fails to state a conspiracy claim.

**QUALIFIED IMMUNITY**

Plaintiff sued Warden McDonald and Captain Thompkins in their individual capacities; thus, they are protected by qualified immunity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights about which a reasonable person would have known. It gives government officials breathing room to make reasonable, but mistaken judgments, and protects all but the plainly incompetent, or those who knowingly violate the law. *Thompson v. Mercer*, 762 F.3d 433, 436-37 (5th Cir. 2014) (citations omitted). To overcome the qualified immunity defense, the plaintiff must allege a violation of a constitutional right and show that the right was clearly established in the specific context of the case. *See Pearson v.*

9

*Callahan*, 555 U.S. 223, 235-36 (2009). Since both prongs must be satisfied, the Supreme Court has concluded that the sequence set forth in *Saucier* should no longer be regarded as mandatory. *Id*. at 236. If the court finds that an official's conduct does not violate a clearly established constitutional right, then qualified immunity applies, and no further analysis is required. *Id*. at 232. If, however, the court finds that the plaintiff has alleged the violation of a clearly established constitutional right, the court must proceed in determining if the defendant's action could reasonably have been thought consistent with that right. *Siegert v. Gilley*, 500 U.S. 226, 230 (1991).

When determining whether the defendant acted reasonably, the court looks to whether the defendants' actions were objectively reasonable in relation to the law as it existed at the time the conduct occurred and in light of the information the defendant possessed. *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1993). Regardless of an official's mistaken assumptions or subjective motivations, he is entitled to qualified immunity if his conduct is determined to have been objectively reasonable. The Fifth Circuit stated:

> [T]he court should ask whether the [defendants] acted reasonably under settled law in the circumstances, not whether another reasonable or more reasonable, interpretation of the events can be constructed . . . after the fact . . . . Even if law enforcement officials erred in [their conclusions], they would be entitled to qualified immunity if their decision was reasonable albeit mistaken. [Citations omitted.]

*Lampkin v. City of Nacogdoches*, 7 F.3d 430, 434-35 (5th Cir. 1993), *cert. denied sub nom*., *Vanover v. Lampkin*, 114 S. Ct. 1400 (1994). Similarly, in *Valencia v. Wiggins*, the Supreme Court held, "It is therefore irrelevant whether the defendants in this case acted with intent to injure as long as their conduct was objectively reasonable." 981 F.2d 1440, 1448 (5th Cir. 1993),

*cert. denied*, 509 U.S. 905 (1993).

In the instant case, Plaintiff fails to allege the violation of a constitutional right by Warden McDonald or Captain Thompkins. Plaintiff fails to allege any facts whatsoever that show the actions of Warden McDonald and Captain Thompkins to be objectively unreasonable. The claims must be dismissed as Warden McDonald and Captain Thompkins are entitled to qualified immunity.

In conclusion, Plaintiff fails to state a claim upon which relief may be granted; thus, Defendants' motion to dismiss must be granted. It is therefore

**ORDERED** that Defendants McDonald and Thompkins' Rule 12(b)6) motion to dismiss (Dkt. #23) is **GRANTED** and the claims against them **DISMISSED** with prejudice.

**SIGNED this 27th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE