IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY MOORE, #1771243, | § | |
|     *Plaintiff,* | § | |
| | § | Civil Action No. 4:14cv825 |
| v. | § | |
| | § | |
| WILLIAM CHARLES, et al., | § | |
|     *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Jimmy Moore filed a civil rights complaint pursuant to 42 U.S.C. §1983. He claims Defendants violated his constitutional rights while he was incarcerated at the Choice Moore Unit in Bonham, Texas. Plaintiff brings suit against Defendants in their individual capacities and seeks punitive damages in the amount of $15,000. This Memorandum Opinion and Order concerns Defendant Richey's Rule 12(b)(6) motion to dismiss.

**BACKGROUND**

Plaintiff asserts Officer William Charles violated his Eighth Amendment rights by using "unnecessary and excessive force." Plaintiff alleges Officer Charles grabbed him, hit him with a closed fist on the head, and repeatedly sprayed him with a chemical agent. Plaintiff further claims Officer Charles wrote a false offense report stating that Plaintiff assaulted him. Plaintiff alleges that Officer Charles engaged in a conspiracy with the other named Defendants to cover up his purported assault against Plaintiff.

Plaintiff claims that Defendant Linda Richey, Regional Director, violated his Eighth Amendment rights and due process rights. Specifically, Regional Directory Richey allegedly

failed to overturn the disciplinary case for assaulting Officer Charles based on insufficient evidence, in response to Plaintiff's Step 2 - Grievance No. 20130126642. Plaintiff further alleges that Regional Director Richey's decision-making was arbitrary and capricious by failing to overturn his disciplinary case when she knew or should have known the evidence was insufficient to support a finding of guilt without a determination by medical staff that the injury Plaintiff caused Officer Charles was serious. Plaintiff also claims that Regional Director Richey's actions were "in agreement with the other named defendants to punish [him] to cover up the assault by Officer Charles."

## STANDARD - RULE 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint suffice if it provides naked assertions that are devoid of further

2

factual enhancement. *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Court in *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

If the facts alleged in a complaint "do not permit the court to infer more than the mere possibility of misconduct," a plaintiff has not shown entitlement to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)). A factual allegation "merely creating a suspicion" that a plaintiff might have a right of action is insufficient. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. If the facts alleged in a complaint fail to permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 44 F.3d at 421.

In *Twombly*, the Supreme Court noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**PERSONAL INVOLVEMENT**

To hold a defendant liable under a § 1983 claim, a plaintiff must show the defendant was personally involved in the alleged constitutional violation. Personal involvement is an essential element. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff must establish a causal connection between the alleged constitutional deprivation and the defendant whom he would hold responsible. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Here, Plaintiff does not allege that Regional Director Richey was present during the alleged use-of-force incident with Officer Charles or that she otherwise caused the incident. Further, Plaintiff does not allege that Regional Director Richey had any personal involvement in his disciplinary case. Instead, Plaintiff alleges that Regional Director Richey responded erroneously to his grievance concerning his disciplinary case. Thus, to the extent that Plaintiff brings claims against Regional Director Richey for any conduct occurring within the prison disciplinary case, such claims should be dismissed for lack of personal involvement.

**GRIEVANCE**

Plaintiff claims that Regional Director Richey violated his constitutional rights because of her response to Plaintiff's grievance. As Plaintiff has no constitutional entitlement to an adequate grievance procedure, the claim should be dismissed for failure to state a claim. *See, e.g., Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005). Congress requires inmates to exhaust their "administrative remedies as are available . . ." 42 U.S.C. § 1997e(a). A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has not established grievance procedures or fails to adhere to its

procedures. 42 U.S.C. § 1997e(b). The Fifth Circuit has made it clear that inmates do not have a basis for a meritorious civil rights lawsuit just because they are unhappy with grievance procedures:

> Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Geiger*, 404 F.3d at 374. Congress established the exhaustion requirement to give prisons and jails the first opportunity to address complaints by inmates, but inmates do not have a basis for a lawsuit because they are dissatisfied with the results of the grievance procedures. As a result, Plaintiff's claim against Regional Director Richey for responding to his grievance must be dismissed as frivolous because it has no arguable basis in law.

**DISCIPLINARY CASE**

Plaintiff's claims against Regional Director Richey derived from her involvement in his prison disciplinary case fail because Plaintiff does not allege a constitutionally-protected liberty interest sufficient to trigger due process protections or any violation of those rights. Moreover, Plaintiff fails to allege sufficient facts to show that § 1983 relief is available because his prison disciplinary sentence has been overturned.

The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486. The holding in *Heck* was extended to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Fifth Circuit subsequently reiterated that an inmate may not bring a civil rights lawsuit about a prison disciplinary case unless he first shows that "his disciplinary conviction has been invalidated by official action." *Lee v. Wade*, 593 F. App'x 410, 410 (5th Cir. 2015).

Plaintiff alleges that Officer Charles filed a false disciplinary report against him. Plaintiff's claims that the allegations against him are false implies that a disciplinary sentence arising from that report would be unlawful. However, Plaintiff does not assert that any disciplinary sentence from the allegedly false report has been overturned. Accordingly, his claims against Regional Director Richey arising from the allegedly false disciplinary report must be dismissed.

**CONSPIRACY**

Plaintiff next claims that TDCJ employees Duana Rohde, Warden McDonald, Juan Marrero, Captain Thompkins, Assistant Warden Karl, and Regional Director Linda Richey conspired to cover up the purported assault by Officer Charles in the disciplinary case against him. To prove a conspiracy, a plaintiff must prove an actual deprivation of a constitutional right. *Salvin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). *See also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983

and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1990). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 42 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (*en banc*). Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). In the instant case, Plaintiff provides nothing to substantiate his claim of conspiracy other than his bare assertion that one existed. Accordingly, he fails to state a conspiracy claim.

**QUALIFIED IMMUNITY**

Plaintiff sued Regional Director Richey in her individual capacity; thus, she is protected by qualified immunity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights about which a reasonable person would have known. It gives government officials breathing room to make reasonable, but mistaken judgments, and protects all but the plainly incompetent, or those who knowingly violate the law. *Thompson v. Mercer*, 762 F.3d 433, 436-37 (5th Cir. 2014) (citations omitted).

To overcome the qualified immunity defense, the plaintiff must allege a violation of a constitutional right and show that the right was clearly established in the specific context of the case. *See Pearson v. Callahan*, 555 U.S. 223, 235-36 (2009). Since both prongs must be satisfied, the Supreme Court has concluded that the sequence set forth in *Saucier* should no longer be regarded as mandatory. *Id*. at 236. If the court finds that an official's conduct does not violate a clearly established constitutional right, then qualified immunity applies, and no further

analysis is required. *Id*. at 232. If, however, the court finds that the plaintiff has alleged the violation of a clearly established constitutional right, the court must proceed in determining if the defendant's action could reasonably have been thought consistent with that right. *Siegert v. Gilley*, 500 U.S. 226, 230 (1991).

When determining whether the defendant acted reasonably, the court looks to whether the defendants' actions were objectively reasonable in relation to the law as it existed at the time the conduct occurred and in light of the information the defendant possessed. *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1993). Regardless of an official's mistaken assumptions or subjective motivations, he is entitled to qualified immunity if his conduct is determined to have been objectively reasonable. The Fifth Circuit stated:

> [T]he court should ask whether the [defendants] acted reasonably under settled law in the circumstances, not whether another reasonable or more reasonable, interpretation of the events can be constructed . . . after the fact . . . . Even if law enforcement officials erred in [their conclusions], they would be entitled to qualified immunity if their decision was reasonable albeit mistaken. [Citations omitted.]

*Lampkin v. City of Nacogdoches*, 7 F.3d 430, 434-35 (5th Cir. 1993), *cert. denied sub nom*., *Vanover v. Lampkin*, 114 S. Ct. 1400 (1994). Similarly, in *Valencia v. Wiggins*, the Supreme Court held, "It is therefore irrelevant whether the defendants in this case acted with intent to injure as long as their conduct was objectively reasonable." 981 F.2d 1440, 1448 (5th Cir. 1993), *cert. denied*, 509 U.S. 905 (1993).

In the instant case, Plaintiff fails to allege the violation of a constitutional right by Regional Director Richey. Plaintiff fails to allege any facts whatsoever that show the actions of Regional Director Richey to be objectively unreasonable. The claims must be dismissed as

Regional Director Richey is entitled to qualified immunity.

In conclusion, Plaintiff fails to state a claim upon which relief may be granted; thus, Defendant's motion to dismiss must be granted. It is therefore

**ORDERED** that Defendant Regional Director Richey's Rule 12(b)6) motion to dismiss (Dkt. #31) is **GRANTED** and the claims against her **DISMISSED** with prejudice.

**SIGNED this 27th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE