# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY MOORE, # 1771243 | § | |
|     *Plaintiff* | § | |
| VS. | § | Case No. 4:14CV825 |
| | § | |
| WILLIAM CHARLES, et. al. | § | |
|     *Defendants* | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the Defendant Juan Marrero's (hereinafter, "Defendant") motion to dismiss (Dkt. #49) be granted and the claims against him be dismissed with prejudice. The Report and Recommendation, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and an objection was filed by Plaintiff.

In his objection, Plaintiff states that Defendant did not timely respond to the Complaint. *See* Dkt. #61 at 2. However, Defendant was served on March 3, 2017. Defendant filed an appropriate answer, his motion to dismiss, on March 24, 2017. *See* Dkt. ##45, 49; FED R. CIV. P. 12(a)(1)(A)(i).

Additionally, Plaintiff argues that Defendant's decision-making was arbitrary and unreasonable because there was a lack of evidence to support the disciplinary decision. *See* Dkt. #61 at 3-4. Similarly, Plaintiff also argues that he did show that his disciplinary action was overturned. *See* Dkt. #61 at 5. While Plaintiff does correctly cite to Judge O'Conner's Order overturning his disciplinary action (*see Moore v. Stephens*, 7:13-cv-046, Dkt. No. 26, 2014 WL 6485865 (N.D.Tex. November 14, 2014), Plaintiff fails to show that the resulting refiling of the

disciplinary action was overturned. *Id.* at Dkt. #34-1. Therefore, since Plaintiff fails to show the new disciplinary decision was arbitrary, Plaintiff's claims fail.

Finally, Plaintiff argues that Defendant is not part of the corporate entity, under the intra-corporate conspiracy doctrine, because Defendant acted outside of his corporate duties. *See* Dkt. #61 at 6. Movant also alleged that he provided sufficient allegations to sustain his claims. Plaintiff's allegations, however, fail to show Defendant acted outside the course of his duties. For example, even assuming Defendant filed a false report, filing disciplinary reports are among his duties. For the reasons above, after conducting a de novo review of the record, the court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court.

It is accordingly **ORDERED** Defendant's motion to dismiss (Dkt. #49) is **GRANTED**.

It is also **ORDERED** Plaintiff's Complaint (Dkt. #1) pursuant to 42 U.S.C. § 1983 is **DISMISSED with prejudice** against Defendant. All motions by either party not previously ruled upon are **DENIED**.

**IT IS SO ORDERED**.
SIGNED this 8th day of January, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE