# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY MOORE, # 1771243 | § | |
|     *Plaintiff* | § | |
| VS. | § | Case No. 4:14CV825 |
| | § | |
| WILLIAM CHARLES, et. al. | § | |
|     *Defendants* | § | |

## AMENDED ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that Defendant Juan Marrono's (hereinafter, "Defendant") motion to dismiss (Dkt. #49) be granted and the claims against him be dismissed with prejudice.[1] The Report and Recommendation, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and Plaintiff filed objections.

In his objections, Plaintiff states that Defendant did not timely respond to the Complaint. *See* Dkt. #61 at 2. However, Defendant was served on March 3, 2017. Defendant filed an appropriate answer, his motion to dismiss, on March 24, 2017. *See* Dkt. ##45, 49; FED R. CIV. P. 12(a)(1)(A)(i).

Additionally, Plaintiff argues that Defendant's decision-making was arbitrary and unreasonable because there was a lack of evidence to support the disciplinary decision. *See* Dkt.

---

[1] The Court's February 28, 2017, amended judgment dismissed Defendant without prejudice because he had not been properly served. *See* Dkt. # 44. The judgment also granted Plaintiff an ability to request the civil action be reopened if Defendant were to be properly served. On March 3, 2017, summons was properly executed as to Defendant. *See* Dkt. #45. Although Plaintiff did not request the case be reopened, Plaintiff received due process. The Court, in an abundance of caution, considered Plaintiff's filings in resolving Defendant's motion. The record shows that Plaintiff filed a response to Defendant's motion to dismiss, which was considered in the Magistrate Judge's Report and Recommendation regarding Defendant's motion to dismiss. Dkt. #53. Further, Plaintiff filed an objection to the Report and Recommendation, which the Court considers below. Dkt. #61. Finally, the Court has ruled upon all other motions Plaintiff filed. *See* Dkt. #59.

#61 at 3-4.  Similarly, Plaintiff also argues that he showed that his disciplinary action was overturned.  *See* Dkt. #61 at 5.  While Plaintiff correctly cites to Judge O'Conner's Order overturning his disciplinary action (*See Moore v. Stephens*, 7:13-cv-046, Dkt. No. 26, 2014 WL 6485865 (N.D.Tex. November 14, 2014), Plaintiff fails to show that the resulting refiling of the disciplinary action was overturned.  *Id.* at Dkt. #34-1.  Therefore, since Plaintiff fails to show the new disciplinary decision was arbitrary, Plaintiff's claims fail.

Finally, Plaintiff argues that Defendant is not part of the corporate entity, under the intra-corporate conspiracy doctrine, because Defendant acted outside of his corporate duties.  *See* Dkt. #61 at 6.  Movant also alleges that he provided sufficient allegations to sustain his claims.  Plaintiff's allegations, however, fail to show Defendant acted outside the course of his duties.  For the reasons stated above, after conducting a de novo review of the record, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court.

It is accordingly **ORDERED** Defendant's motion to dismiss (Dkt. #49) is **GRANTED**.

**IT IS SO ORDERED**.

 **SIGNED this 9th day of January, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE